UNITED STATES DISTRICT COURT                                  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-1593-JFW (SSx)**                                                  Date:  March 27, 2012

Title:        Norah Cole -v- Target Corporation, et al.

**PRESENT:**
           **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                                **None Present**
   **Courtroom Deputy**                                              **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**              **ATTORNEYS PRESENT FOR DEFENDANTS:**
                 None                                                                  None

**PROCEEDINGS (IN CHAMBERS):**        ORDER REMANDING ACTION TO LOS ANGELES
                                       SUPERIOR COURT

       On October 12, 2012, Plaintiff Norah Cole ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendant Target Corporation ("Defendant").  On February 24, 2012, Defendant filed its Notice of Removal, alleging this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

       Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

       Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.

       In its Notice of Removal, Defendant alleges that it is "informed and believes that Plaintiff was, at the time she filed the Action and still is, a citizen of the State of California."  Notice of Removal, ¶ 3.  However, as the Supreme Court long ago held, a removing defendant "must show in [its] pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction."  *Smith v. McCullough*, 270 U.S. 456, 459 (1926) *accord Rilling v. Burlington Northern*

*Railroad Co.*, 909 F.2d 399, 400 (9th Cir. 1990). A petition alleging diversity of citizenship upon "information and belief" is insufficient to confer jurisdiction. *Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963). Defendant's allegation on "information and belief" fails to "affirmatively and distinctly" establish Plaintiff's citizenship for purposes of conferring diversity jurisdiction.

Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.